# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAN S. GEIGER,** | 1:11-cv-01857 LJO SMS |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER DENYING REQUEST FOR TEMPORARY RESTRAINING ORDER (DOC. 1)** |
| v. | |
| **MICHAEL BENOV, WARDEN; and TAFT CORRECTIONAL INSTITUTION,** | |
| **Defendants.** | |

## I. INTRODUCTION

Plaintiff Dan S. Geiger, who is presently incarcerated at Taft Correctional Institution ("Taft") in Taft, California and is represented by counsel, requests that his motion for a temporary restraining order ("TRO") be heard the week of November 28, 2011. On November 4, 2011, Plaintiff filed a "Complaint," which incorporates a memorandum in support of Plaintiff's application for a TRO and preliminary injunction. Plaintiff alleges that Taft and Taft's Warden, Michael Benov, have violated 42 U.S.C. § 1983 by refusing to deviate from standard institutional procedures regarding inmate legal phone calls and visits, to permit extended and more frequent phone calls as well as in-person legal meetings on days not normally set aside for such meetings. Doc. 1. Summons was issued by the Clerk of Court on November 8, 2011, but was not served on Defendants until November 17, 2011. Docs. 7-10. On November 22, 2011, Plaintiff's counsel contacted the Court requesting a hearing date on his request for a TRO. For the reasons set forth below, the TRO request is DENIED. No hearing date will be provided.

## II. DISCUSSION

**A.      Jurisdiction.**

Plaintiff asserts that jurisdiction exists in this case pursuant to 42 U.S.C. § 1983. However, section 1983 applies to actions or omissions taken "under color of state law." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003). Taft, a privately-run <u>federal</u> correctional facility, is not a "state actor" for purposes of § 1983. Rather, the proper mechanism for Plaintiff's Complaint is an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] For purposes of this order only, the Court will construe Plaintiff's complaint as one arising under *Bivens*.[2]

**B.      TRO Request.**

Injunctive relief is an "extraordinary remedy, never awarded as of right." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7 (2008). As such, the Court may only grant such relief "upon a clear showing that the plaintiff is entitled to such relief." *Id*. To prevail, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent preliminary injunctive relief; (3) that the balance of equities tips in the moving party's favor; and (4) that preliminary injunctive relief is in the public interest. *Id*. at 22.

Local Rule 231 governs the filing of requests for TROs in this District. Local Rule 231(b) provides:

> **Timing of Motion**. In considering a motion for a temporary restraining order, the Court will consider whether the applicant could have sought relief by motion for

---

[1] Magistrate Judge Jennifer L. Thurston's September 21, 2011 Findings and Recommendations, recommending denial of Plaintiff's similar motion for a TRO filed in his habeas case, *Geiger v. Adler*, 1:10-cv-00715 AWI JLT (HC), Doc. 26 , informed Plaintiff that a *Bivens* action was the appropriate mechanism to challenge conduct by Taft officials.

[2] As Plaintiff is represented by counsel, the Court is not required to liberally construe his claim as one under *Bivens*. *See Reiner v. Mental Health Kokua*, 2001 WL 322535, *6 (D. Haw. 2001)(construing pro se plaintiff's § 1983 action brought against federal actors as arising under *Bivens*, relying on *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), which requires that pro se plaintiffs in civil rights actions be afforded the benefit of any doubt). Nevertheless, it is most efficient to address the merits of Plaintiff's TRO request without first requiring an amendment of the complaint to allege a *Bivens* claim.

> preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order. Should the Court find that the applicant unduly delayed in seeking injunctive relief, the Court may conclude that the delay constitutes laches or contradicts the applicant's allegations of irreparable injury and may deny the motion solely on either ground.

Here, the Complaint makes three assertions of likelihood of success on the merits. The first two may be treated together. First, Plaintiff complains that Taft's policy of permitting only one unmonitored legal call of 20 minutes duration every seven calendar days violates Plaintiff's First Amendment rights. Doc. 1 at ¶¶ 29-31. Second, although Plaintiff is permitted 300 minutes of monitored telephone time, Plaintiff also complains that monitored telephone calls are not a sufficient alternative to unmonitored legal calls. *Id*. at ¶ 32. With respect to these two allegations, the Complaint describes a course of conduct by Taft officials beginning in January 2010 and ending on November 6, 2010, when Taft denied Plaintiff's appeal from the denial of his administrative complaint about lack of adequate telephone communication with his attorney. *Id*. at ¶ 44. Plaintiff provides absolutely no explanation why emergency injunctive relief is necessary to remedy conduct that took place more than a year ago and was finally addressed by the institution approximately one year ago.

The Complaint also contains allegations concerning a June 2, 2011 request by Plaintiff's counsel to schedule his weekly legal call with Plaintiff. *Id*. at ¶ 21. Plaintiff alleges that the June 2, 2011 request was denied because it was made 22 hours prior to the requested call time, rather than 24 hours prior, as required by Defendants' rules. *Id*. In addition, Plaintiff alleges that Taft officials indicated Plaintiff was unable to receive a legal call the following day because he was scheduled to be on community furlough. *Id*. Plaintiff was apparently not on community furlough that day, and would have been available for the call. *Id*. Plaintiff's counsel complained to Taft's legal counsel and received an unsatisfactory response. *Id*. at ¶ 21. A few days later, on June 6, 2011, Plaintiff's counsel happened to be near Taft and called to schedule a legal visit the next

day, a Tuesday. The request was denied on the ground that Taft policy only permits legal visits on Fridays, Saturdays, and Sundays (regular visiting hours for family and friends). *Id*. at ¶ 23. As a result, Plaintiff's counsel was "forced to return to Las Vegas on June 6, and then drive the full distance back to [Taft] (approximately 300 miles one way) the following weekend." *Id*. Plaintiff does not allege that this June 2011 conduct was the subject of any administrative petition for relief. Even if, *arguendo*, exhaustion was not required for this claim because of its factual similarity to claims for which administrative relief was previously denied, Plaintiff does not explain why the June 2011 conduct, which took place more than five months ago, warrants emergency injunctive relief.[3] Pursuant to Local Rule 231(b), the request for a TRO based upon the first and second substantive allegations is DENIED because the lack of urgency contradicts Plaintiff's allegations of irreparable injury.

Plaintiff's third substantive allegation concerns more recent conduct, but cannot form the basis for the issuance of a TRO. Specifically, Plaintiff complains that legal mail is an inadequate substitute for legal telephone calls and legal visits. *Id*. at ¶ 36. As the sole factual example of why legal mail is inadequate, Plaintiff alleges:

> On September 5, 2011, attorney Baker mailed a box of documents by priority mail to Plaintiff Geiger. He scheduled a legal call with Geiger on Friday, September 9, to discuss the materials. However, on Friday the box still had not been delivered to Geiger, so the expected review of documents did not occur. The following Monday, September 12, Defendants admitted to Geiger they had received the box, but refused to give it to him upon his request. It was finally delivered later tha[t] day. Under current limitations, attorney Baker had to wait until Friday, September 16, 2011, to place another legal call to Geiger to discuss the contents of the package. In the past, Geiger's legal mail has also been opened by Defendants, allegedly by mistake.

*Id*. at ¶ 36. This amounts to a complaint that Plaintiff's legal mail was not handled properly.

---

[3] As mentioned above, Plaintiff filed a motion for TRO in his habeas case on September 19, 2011, which was denied on the ground that habeas corpus does not provide jurisdiction to review allegations regarding conditions of confinement. Even using September 19, 2011 as the date on which Plaintiff first sought emergency relief regarding this conduct, the delay is inexcusable.

4

Pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), absent exhaustion of all available administrative remedies, Plaintiff's allegation is not cognizable in this Court. *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002). Plaintiff's allegations of exhaustion concern only his 2010 complaints about lack of adequate telephone communication with his attorney and cannot plausibly be interpreted to include exhaustion of any complaints about mail service. Therefore, these allegations cannot support a finding of likelihood of success on the merits.

### III. CONCLUSION AND ORDER

For the reasons set forth above, Plaintiff's request for a temporary restraining order is DENIED. Any further proceedings, including pursuit of Plaintiff's alternative request for a preliminary injunction, shall be handled by the Magistrate Judge pursuant to Local Rule 302(c)(17).

**SO ORDERED**
**Dated:  November 23, 2011**

**/s/ Lawrence J. O'Neill**
**United States District Judge**